```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
UNITED STATES OF AMERICA,
                                    Indictment No.
                                    10 Cr. 147(S-2)(SLT)
        -against-

                                    NOTICE OF MOTION TO
                                    RENEW MOTION FOR SEVERANCE

ANTHONY PREZA, et al.,

                    Defendants.
--------------------------------X
```

S I R S:

PLEASE TAKE NOTICE, that upon the annexed affidavit of JOSEPH R. BENFANTE, duly sworn on the 21st day of November, 2011; the most recent Superceding Indictment (S-2); the prior Motion and related Reply Brief and accompanying prior Memorandum of Law, and all other proceedings heretofore had herein, the defendant Anthony Preza will move this Court, by his attorney before the Honorable Sandra L. Townes, United States District Judge, at the United States Courthouse for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, on December 5, 2011, or any other date fixed by this Court, for the following relief:

For an Order granting Anthony Preza a severance and a separate trial from that of the co-defendants, as named in Superceding Indictment (S-2), pursuant to Fed.R.Crim.P. 14(a).

Accordingly, this motion seeks to renew Anthony Preza's motion on the issue of severance dated March 30, 2011, and Mr. Preza's Reply Brief in support thereof dated May 20, 2011. Said motion having been denied by this Court on May 27, 2011.

And for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       November 21, 2011

                          Respectfully submitted,

                          /s/ Joseph R. Benfante
                          JOSEPH R. BENFANTE (JB7795)
                          Attorney for Defendant
                          ANTHONY PREZA
                          225 Broadway, Suite 2700
                          New York, New York 10007
                          (212) 227-4700

TO: NICOLE M. ARGENTIERI, ESQ.
    ALLON LIFSHITZ, ESQ.
    RACHEL J. NASH, ESQ.
    Assistant U.S. Attorneys
    United States Attorney's Office
    Eastern District of New York
    271 Cadman Plaza East
    Brooklyn, New York 11201

    CLERK,
    United States District Court
    Eastern District of New York
    225 Cadman Plaza East
    Brooklyn, New York 11201

    ALL COUNSEL

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA,

                                          Indictment No.
                                          10 Cr. 147(S-2)(SLT)
       -against-

                                          AFFIDAVIT AND
                                          MEMORANDUM OF LAW
ANTHONY PREZA, et al.,

                          Defendants.
-------------------------------------X
STATE OF NEW YORK )
                  ) SS.:
COUNTY OF NEW YORK)
```

JOSEPH R. BENFANTE, being duly sworn, deposes and says:

I am an attorney duly licensed to practice law in the State of New York, and admitted to practice before the United States District Court for the Southern and Eastern Districts of New York.

I am the attorney for the defendant above-named, and am fully familiar with the facts and circumstances of the case, based upon personal investigation, review of all documents and accusatory instruments, personal conversations with the defendant, and general investigation.

This affidavit is made upon information and belief, except as to matters wherein it is stated that your affiant has actual knowledge thereof.

**PRELIMINARY STATEMENT**

As the Court is well aware, a change of circumstances has arisen upon the Government's filing of Superceding Indictment (S-2), on August 17, 2011.

Consequently, an additional five (5) counts and one new defendant have been added to the previous fourteen (14) count Superceding Indictment (S-1); filed on November 4, 2010.[1] This newest nineteen (19) count Superceding Indictment, adds "mega-serious" charges and additional racketeering acts, which allege:

1. The murder of one Joseph Scopo, on October 20, 1993, relating to new defendant Francis Guerra, and relating to Teddy and Michael Persico;

2. A conspiracy to murder John Doe #2, as charged against Teddy Persico;

3. A Witness tampering charge as charged against Teddy Persico and;

4. The murder of an individual by the name of Michael Devine on January 24, 1992; as charged against Francis Guerra and Michael Persico.

---

[1] The initial Indictment in this case was filed on or about March 3, 2010, and included charges against eight defendants. The defendant, Anthony Preza <u>was not</u> charged however, in the initial Indictment.

2

Additional extortion and extortion conspiracy charges have been added to the newest Superceding Indictment; <u>all unrelated to Anthony Preza</u>.

It was not until November 4, 2010, that Superceding Indictment (S-1) first charged Anthony Preza with a single count of "Financing an Extortionate Extension of Credit" previously denoted as Count Eight.

The instant Superceding Indictment (S-2) has for all intents and purposes repeated and re-alleged Count 8 and with some pleading modification has framed it now, as Count 10.

### BACKGROUND AS TO ANTHONY PREZA

As was stated in the prior Severance Motion, Anthony Preza (now 46 years of age), is married and the father of three children.

Anthony Preza attended two years of college and has been gainfully employed since 1985; a period of 26 years.

Since 1992, Anthony Preza, has been involved in the valet parking business and currently operates and owns Park Plus Valet Services, Inc., as well as other valet companies and businesses.

Anthony Preza has never been convicted of a crime and has not been designated by the government, as per the new Superceding Indictment (S-2), as being an associate or member of organized crime.

3

## **THE FACTS AS TO COUNT TEN**

In the instant case the RICO Conspiracy charge spans approximately seven years; from June of 2003 through February of 2010. The only count defendant Anthony Preza stands accused of occurs <u>within a two day time frame</u>, to wit: June 8, 2009 to June 9, 2009.

Likewise, no threats or implied threats exist in this case, which relate in any way to Count Ten. In point of fact the subject matter of Count Ten remains a $100,000.00 corporate bank check. Said check had <u>remained unpaid</u> for the entire ten month period of the investigation. To date, the $100,000.00 check has remained totally unpaid.

Consequently, Anthony Preza respectfully renews the previous motion for severance, pursuant to Fed.R.Crim.P.14(a) as heretofore stated and requests a separate trial from that of the co-defendants as named in the Superceding Indictment (S-2).

Defendant Anthony Preza respectfully relies on the Memorandum of Law in support of this motion, as appears in the original Severance Motion, dated March 30, 2011 at pages 14 through 20 thereof. A copy of said relevant law as taken from the original severance motion with few modifications is annexed hereto and duplicated as Exhibit "A" for the Court's perusal.

Anthony Preza pursuant to Rule 12 of the Federal Rules of Criminal Procedure, respectfully also moves to incorporate and adopt each and every motion filed by any and all co-defendants; on the issue of severance, as may apply to Anthony Preza.

Wherefore, your affiant respectfully prays that orders issue granting to the defendant the relief sought within the instant motion, together with such other and further relief as to this Court deems just and proper.

Sworn to before me this
21st day of November, 2011.

JEANETTE BENFANTE
Notary Public, State of New York
No. 01BE4737948
Qualified in Richmond County
Commission Expires October 31, 1995

_____
JOSEPH R. BENFANTE

**EXHIBIT "A"**

## STANDARDS FOR SEVERANCE UNDER RULE 14(A)

Rule 14(a) "was adopted to insure that 'each individual defendant receives a fair trial based on the charges and evidence fairly attributable to him.'" United States v. Carrozzo, 728 F.Supp. 266, 273 (S.D.N.Y.1990), aff'd, 956 F.2d 1160 (2d Cir. 1992)(quoting United States v. Nersesian, 824 F.2d 1294, 1303 (2d Cir.)., cert.denied, 484 U.S. 957, 108 S.Ct. 355 (1987)). It addresses the prejudice inherent in improper joinder:

> "If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may ... grant a severance of defendants or provide whatever other relief Justice requires."

Fed.R.Crim.P.14.

The Court has discretion to determine whether the prejudice in a given case is severe enough to warrant severance under Rule 14, and must make that determination

14

on a case by case basis, considering the totality of the circumstances. See Zafiro v. United States, 506 U.S. 534, 541, 113 S.Ct. 933, 939 (1993); United States v. Lasanta, 978 F.2d 1300, 1306 (2d Cir. 1992); United States v. Sliker, 751 F.2d 477, 492 (2d Cir. 1984). The court must determine:

> "whether, under all the circumstances of the particular case, as a practical matter, it is within the capacity of the jurors ... to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements, and conduct. In sum, can the jury keep separate the evidence that is relevant to each defendant and render a fair and impartial verdict as to him?"

The prejudice contemplated by Rule 14 includes the impracticality that arises from improper joinder from a case management and fairness prospective, as well as the danger of "spillover" prejudice. It was held in United States v. Cervone, 907 F.2d 332, 341 (2d Cir. 1990) that in determining whether the prejudice of a joint trial would amount to a "miscarriage of justice," courts should consider the following factors:

> "(1) the number of defendants; (2) the number of counts; (3) the complexity of the indictment; (4) the estimated length of trial; (5) disparities in the amount or type of proof offered against each defendant; (6) disparities in the degrees of involvement by each defendant in the overall scheme; (7) possible conflict between various defense theories or trial strategies; and (8) prejudice from evidence admitted against co-defendants which is inadmissible or excluded as to a particular defendant."

15

See also United States v. Upton, 856 F.Supp. 727, 736 (E.D.N.Y.1994) and United States v. Gallo, 668 F.Supp. 736, 749 (E.D.N.Y. 1987)).

Although there is a presumption in favor of a joint trial, a defendant can overcome that presumption by showing that a joint trial would result in "substantial prejudice amounting to a miscarriage of justice." United States v. Wilkinson, 754 F.2d 1427, 1435 (2d Cir.), cert.denied, 472 U.S. 1019, 105 S.Ct. 3482 (1985). Despite the presumption in favor of a joint trial, "there are limits to the risks a co-defendant must endure." Gallo, 668 F.Supp. at 753 (quoting United States v. Figueroa, 618 F.2d 934, 944 (2d Cir. 1980)). As the Court in Gallo explained, the assumption that a single trial is more efficient, "should not unreflectively be taken for granted in the complex, multi-defendant case." Id. At 754. Here, a single trial would be neither more efficient, nor fair, and the balance clearly weighs in favor of splitting the Indictment for trial.

### The "Spillover Prejudice" From The RICO, Murder And Extortion Defendants Mandates Severance

In addition to the unfairness inherent in the "joint trial" proposed by the government, ANTHONY PREZA would also face the danger of "spillover prejudice" if he were

16

required to stand trial with the defendants charged with RICO "murders" and extortion. See, e.g., United States v. Bellomo, 954 F.Supp. 630, 650-51 (S.D.N.Y. 1997). For this reason as well, ANTHONY PREZA should be severed under Rule 14(a) from those defendants charged with RICO, murders and extortion. As the court in Gallo cautioned, "[t]he courts must be scrupulous to avoid the spectre of guilt by association – or more likely, guilt by confusion." 668 F.Supp. at 750. These words of caution apply with full force here.

"Spillover prejudice" may occur when defendants not charged with the most serious and violent charges in an indictment – e.g., RICO, murders and extortion – are unnecessarily forced to sit through "the presentation of the evidence that tends to establish the more serious crimes." Bellomo, 954 F.Supp. at 650 (severing non-RICO defendants because of the potential for spillover prejudice from "evidence about an organized crime enterprise and its operations").

In this case, the prejudice would stem from evidence presented to prove the organized crime RICO enterprise, its structure, its criminal operations, as well as the violence and threats of violence allegedly employed to achieve the goals of the illegal enterprise – evidence that should not

17

be admitted against ANTHONY PREZA. In the case at bar, the extreme nature of the evidence that the government apparently intends to introduce against the RICO defendants will make it exceedingly difficult for the jurors to appraise the independent evidence against ANTHONY PREZA and would, as a result, substantially compromise his ability to receive a fair trial.

Once again, the disparity in the nature and number of charges, as well as the particularly inflammatory nature of the organized crime, murders and extortion evidence - to be introduced by the government - as against the RICO, murder and extortion defendants, would deny a fair trial to ANTHONY PREZA.

### A limiting Instruction Will Not Cure The Substantial Risk Of Spillover Prejudice

Any proposed limiting jury instruction not to consider the RICO and extortion evidence against ANTHONY PREZA would be unrealistic, as well as inadequate to eliminate the risk of prejudice. As the court explained in Gallo, in the context of "complex, multi-count, multi-defendant cases," it is unrealistic for jurors to follow limiting instructions. 668 F.Supp. at 752-53 ("There are 'manifest' difficulties in cases such as this of compartmentalizing all of the independent evidence and of focusing the jury's attention on only the non-hearsay, non-excluded evidence as

18

to each defendant and each charge."). See also, Dunn v. United States, 307 F.2d 883, 886, (5th Cir.1962)("...<u>if you throw a skunk into the jury box, you can't instruct the jury not to smell it</u>"). (emphasis added)

In the face of the evidence relating to the Mafia, it is likely that the jury would, despite precautions, consider evidence admissible only as to some defendants in determining the culpability of others and, in the process, convict some defendants because of their association with the others. As the court explained in <u>Gallo</u>, a trial of a multi-defendant, multi-count, organized crime indictment "is far too extensive and intricate to expect that a jury would be able to discern the myriad of subtle distinctions and mental gyrations that would be required by the inevitable plethora of limiting instructions necessary." 668 F.Supp. at 753.

In a joint trial of the RICO defendants, it would not be "within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon the defendant's own acts, statements and conduct." <u>United States v. Kahaner</u>, 203 F.Supp. 78, 81-82(S.D.N.Y. 1962), <u>aff'd</u>, 317 F.2d 459 (2d Cir. 1963).

Therefore, because the jury would not be able to

19

render a fair and impartial verdict as to ANTHONY PREZA, the severance sought herein should be granted. See, e.g., Gallo, 668 F.Supp. at 749 (granting severance, in part, because "numerous factors suggest that such compartmentalization by the jury might prove to be very difficult or unlikely as to several defendants").

In sum, the factors that weigh in the Rule 14 balance - especially spillover prejudice - compel the conclusion that the joinder of ANTHONY PREZA with the defendants in the RICO and extortion counts would be so prejudicial and impractical as to deny ANTHONY PREZA his right to a fair trial. Accordingly, ANTHONY PREZA'S motion for severance under Rule 14(a) should be granted.