```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X

UNITED STATES OF AMERICA,
                                    Indictment No.
                                    10 CR 147(S-4)(SLT)

                                    AFFIRMATION AND
                                    MEMORANDUM OF LAW
     -against-                      IN OPPOSITION TO THE
                                    GOVERNMENT'S MOTION
                                    FOR AN ANONYMOUS AND
                                    PARTIALLY SEQUESTERED
                                    JURY_____

ANTHONY PREZA, et. al.,

             Defendants.

-------------------------------X

STATE OF NEW YORK  )
                   ) SS.:
COUNTY OF NEW YORK )
```

1. I am an attorney duly admitted to practice in the State of New York and before this Court with offices located at 225 Broadway, Suite 2700, New York, New York 10007.

2. I am the attorney for the defendant Anthony Preza in the above-captioned matter and as such I am fully familiar with the facts and circumstances surrounding this motion.

3. This Affirmation and the Memorandum of Law filed herewith are respectfully submitted in support of Mr.

4. Mr. Preza also moves to join in his co-defendants' motions insofar as they are applicable to him.

5. All facts relevant to this motion in opposition are contained within the Memorandum of Law and are incorporated by reference herein.

WHEREFORE, for the reasons set forth in the accompanying Memorandum of Law, I respectfully request on behalf of the defendant Anthony Preza, that the Government's motion for an anonymous and partially sequestered jury be denied in its entirety, together with such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         March 5, 2012

Respectfully submitted,

*[signature]*

JOSEPH R. BENFANTE (7795)
Attorney for Defendant
ANTHONY PREZA
225 Broadway, Suite 2700
New York, New York 10007
(212) 227-4700

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X

UNITED STATES OF AMERICA,
                                    Indictment No.
                                    10 CR 147(S-4)(SLT)


                                    MEMORANDUM OF LAW
     -against-                      IN OPPOSITION TO THE
                                    GOVERNMENT'S MOTION
                                    FOR AN ANONYMOUS AND
                                    PARTIALLY SEQUESTERED JURY

ANTHONY PREZA, et. al.,

            Defendants.

-------------------------------X
```

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted on behalf of Anthony Preza in the above-referenced case in opposition to the Government's motion for an anonymous and partially sequestered jury. For the reasons set forth below, the Government has not adduced sufficient evidence to warrant the drastic remedy of an anonymous and partially sequestered jury and their request should be denied. Moreover, should the Court find that some form of juror protection is warranted, alternative procedures which are less prejudicial to the defendants should be employed to ensure their constitutionally protected rights.

## **ARGUMENT**

### **POINT I**

#### **THE GOVERNMENT HAS NOT ADDUCED SUFFICIENT EVIDENCE TO WARRANT THE DRASTIC REMEDY OF AN ANONYMOUS JURY**

The Second Circuit has long recognized that the presumption of innocence is part of the foundation of our system of criminal justice, and a practice which burdens it - such as the use of an anonymous jury - must receive careful scrutiny. See United States v. Coonan, 664 F. Supp. 861, 862 (S.D.N.Y. 1987); see also United States v. Thomas, 757 F.2d 1359, 1363 (2d Cir. 1985). As a result, the courts carefully balance the Government's interest in safeguarding jurors with the defendant's interest in avoiding erosion of the presumption of innocence. See Coonan, 664 F. Supp. at 862.

The Courts carefully balance these considerations and deny requests for anonymous juries unless it is first determined that there is strong reason to believe the jury needs protection (emphasis added). See Thomas, 757 F.2d at 1365. If there is, reasonable precautions should be taken by the court to minimize the anonymous jury's prejudicial effect on the defendants and ensure that fundamental rights are not compromised. See id.

2

In deciding the instant motion, the Court's analysis should be guided by the following factors: (1) the seriousness of the offense charged, and whether defendants are alleged to be part of a group that possesses the means to harm jurors; (2) whether the defendants have engaged in past attempts to interfere with the judicial process; and (3) the degree of pretrial publicity. See United States v. Barnes, 604 F.2d 121, 141 (2d Cir. 1979), cert denied 446 U.S. 907 (1980); see also Coonan, 664 F. Supp. at 862.

After careful review of these factors, it is respectfully asserted that the Government has not come forth with a strong enough reason for empanelling an anonymous and partially sequestered jury.

**A.  The Offenses Charged Do Not Warrant An Anonymous And Partially Sequestered Jury; The Defendants Under The Present Circumstances Do Not Possess The Means To Harm Jurors.**

Mr. Preza is not by any means a dangerous individual. The Government claims that jury anonymity is necessary because of Mr. Preza's alleged ties to the Colombo crime family and their ability to obstruct justice. The Government cites instances where crimes of violence and the Colombo family have demonstrated the ability to obstruct justice. However, the

3

Government fails to cite any particular instances where Anthony Preza has committed acts of witness or juror intimidation.1

It is respectfully asserted that before a district judge may rely on the organized crime connection of a defendant as a factor in the question of anonymous juries, the court must first make a determination that this connection has some direct relevance to the question of juror fear or safety; beyond the innuendo that this connection conjures up. See United States v. Vario, 943 F.2d 236, 241 (2d Cir. 1991).

In United States v. Gambino, the court denied the Government's request for an anonymous jury because of the Government's failure to make a satisfactory showing of a reasonable likelihood of juror intimidation by the defendants. See 818 F. Supp. 536, 540 (E.D.N.Y. 1993). Reliance upon the invocation of such words as "organized crime," "mob," or "mafia" is not sufficient. See id; see also Vario, 943 F.2d at 241 (same). The Gambino court reasoned that if it would allow an anonymous jury under those circumstances, anonymous juries would

---

1 Anthony Preza has previously moved for severance on two separate occasions. Anthony Preza initially was charged with a single nonviolent count of Financing an Extortionate Extension of Credit. This last Superseding Indictment has placed Anthony Preza in an extortion count – where he and Michael Persico are somehow vested with the unlikely charge of extorting the government's CW2, who in reality turns out to be Anthony Russo; a government described Captain in the Colombo Family. This impromptu implementation of this fictional extortion would defy

4

be required in every case where an alleged member of organized crime was indicted. See id. The court found no evidence that the defendants either participated in or directed efforts to obstruct justice, tamper with juries or intimidate witnesses. See id. The court further held that <u>it is not enough that other alleged members of the organized crime family with which they are allegedly aligned may have committed acts</u>. See id. (Emphasis added).

Therefore, as in <u>Gambino</u>, it is respectfully prayed that this Court find the Government's assertions that the Colombo family has a history of obstructing justice and that they will seek to interfere, so as to set an example for subsequent trials of higher ranking officials non-controlling in this instance.

Moreover, the likelihood of Mr. Preza tampering with or harming potential jurors is simply non-existent. Given these facts, an anonymous and partially sequestered jury is not warranted.

Likewise, in <u>United States v. Coonan</u>, the court denied the Government's motion for an anonymous jury. See 664 F. Supp. at 862. There, the defendants were charged with predicate acts that included murder, attempted murder, kidnapping, loansharking, and extortion. See id. The Government obtained a tape recording

---

even Stephen Spielberg – from approaching a semblance of credibility.

before trial of one of the defendants admitting that he had been ordered, "to locate and murder two government witnesses in this case." See id.

In denying the Government's motion for an anonymous jury the court reasoned that even if they were justified in relying on the defendant's uncorroborated statements recorded on tape, the <u>allegation is more consistent with the defendant's conduct charged in the indictment, rather than suggesting conduct aimed at the judicial process</u>. See id. at 862 n. 1. (Emphasis added). The court acknowledged that the defendants were charged with "unscrupulous conduct" and had extensive criminal records but found that there was no suggestion that any defendant or co-conspirator had attempted in any way to tamper with a jury or juror, either by bribery, harassment, intimidation or otherwise. See id. Nor is there any suggestion that there was in any of those cases an attempt to interfere with the workings of the judicial process, such as, for example, mounting a campaign that targeted individual U.S. Attorneys or grand jurors. See id.

The cases the Government cites in favor of an anonymous jury are inapposite to the case at hand. Coonan, however, demonstrates that an anonymous jury is entirely unwarranted; especially as it relates to Anthony Preza.

6

### B. The Degree Of Pretrial Publicity Is Not Of A Kind That Warrants An Anonymous And Partially Sequestered Jury.

The defendant's are unaware of any significant pretrial publicity generated by this particular case. Publicity thus far has been deminimus. Therefore, invasion of juror privacy by the media is not expected.

This case is not the type of case that courts have envisioned when dealing with pretrial publicity. The cases the Government cites are inapposite to the case at bar. Courts have allowed anonymous juries when a particular case has received "extensive" media coverage. See Vario, 943 F.2d at 240 (Emphasis added); see also United States v. Persico, 621 F. Supp. 842, 879 (S.D.N.Y. 1985); United States v. Bellomo, 954 F. Supp. 630, 655 (S.D.N.Y. 1997); United States v. Muyet, 945 F. Supp. 586, 594-95 (S.D.N.Y. 1996).

In United States v. Vario, the New York Newsday published a cover story about "The Mob and Local 66." See 943 F.2d at 240. The story detailed the extensive nature of the conspiracy, which was said to affect virtually all of the construction industry on Long Island. See id. Similarly, in United States v. Muyet, the print media reported extensively about the original indictment and the arrests of the "Nasty Boys." See 945 F. Supp. at 594-95. The front cover of Newsday and Daily News reported stories of

7

the "Nasty Boys" and their narcotics organization and several television shows also carried stories on the case. See id. at 595.

This case has not made the cover of any newspaper and the pretrial publicity received thus far is neither the quantity nor quality required when seeking an anonymous and partially sequestered jury.

Courts have declined to justify the drastic remedy of an anonymous jury based on the mere speculation of potential media coverage. See United States v. Melendez, 743 F. Supp 134, 138 (E.D.N.Y. 1990). Here, the Government has failed to identify specific instances of pretrial publicity, other than those which are not related to the instant case.

The Government further asserts that instructions to both the jurors and the press will do little to prevent attempts by the media to uncover the jury's identity. This statement could not be further from the truth. In Coonan, the court was not persuaded that jury anonymity was necessary to protect the jury's privacy from invasion by the media. See 664 F. Supp. at 863. The Court cited its experience in United States v. Friedman, 635 F. Supp. 782 (S.D.N.Y. 1986), as a prime example. See id. In Friedman, the press had free access to names, addresses and backgrounds of the jurors, and the jurors themselves, even though that case generated extensive publicity

8

and media coverage. See id. The court was unaware of any incident where a juror was approached by the press during trial. See id. Furthermore, even after the verdict, the press respected the wishes of those jurors who indicated that they did not desire to be interviewed. See id. The Coonan court cited this experience as the reason why they were confident that reporters covering the proceeding would be equally mindful of the juror's privacy. See id. Likewise, there is no reason why this Court should have less confidence in the press covering this trial.

**POINT II**

**ALTERNATIVE PROCEDURES WHICH ARE LESS PREJUDICIAL TO THE DEFENDANTS COULD BE EMPLOYED RATHER THAN EMPANELLING AN ANONYMOUS JURY WHICH WOULD DEPRIVE THE DEFENDANTS OF INFORMATION ESSENTIAL TO THEIR EFFECTIVE USE OF PEREMPTORY CHALLENGES**

The use of an anonymous jury in this case not only would infringe upon the defendants' presumption of innocence by instilling the impression of guilt in the jurors' minds, but also deprive the defendants of information essential to their effective use of peremptory challenges. The Supreme Court declared more than a century ago that a peremptory challenge is one of the most important rights secured to the accused. See Pointer v. United States, 151 U.S. 396, 408 (1894). The denial or impairment of such right is reversible error without showing prejudice. See Swain v. Alabama, 380 U.S. 202, 219 (1965).

9

The name of a person, their place of residence, and facts about their employment are three of the major indices used in selecting and securing a meaningful voir dire. A person's residence or neighborhood, particularly in New York City, is often instructive about his or her attitude or revealing as to acute characteristics that attach to the people who live there. Furthermore, a juror's current employment may itself be a critical factor in deciding whether the juror may be biased or suitable for a defendant's case. See United States v. Dellinger, 472 F.2d 340 (7th Cir. 1972), cert denied, 410 U.S. 970 (1973); see also Swain, 380 U.S. 202 (1965).

However, assuming arguendo that the Court finds that there is sufficient need to protect the jury, alternative procedures, other than those requested by the Government could be employed without compromising the defendants constitutional rights and the concerns of the Court.

First, the Court can withhold the names, addresses and places of employment of the jurors from the defendants themselves, but not from the defendants' counsel. Such a procedure would be far preferable to the wholesale anonymity proposed by the Government. Additionally, the Court could issue a protective order precluding counsel for the defendants from sharing the juror information with clients. Such an order would properly balance the perceived need to protect the jurors with

10

the defendants' presumption of innocence. Defendants' counsel would have the opportunity to fully voir dire potential jurors, while the Court could accomplish its perceived need to protect the jury, dramatically reducing the inherent prejudice to the defendants.

Second, the Court could follow the approach taken in United States v. Melendez, 743 F. Supp. 134 (E.D.N.Y. 1990). In Melendez, the court recognized that the presumption of innocence is part of the cornerstone of our judicial system and is considered one of the major basic components of a fair criminal trial. See id. at 137. As a result, it adopted a method of semi-anonymity. See id. at 138. The court withheld the potential jurors' first names, specific residential addresses, and specific names and addresses of places of employment, while revealing their surnames, the counties and general areas or neighborhoods in which they live and their general type of employment. See id. at 138-39. Notably, in Melendez, Judge Spatt applied such a procedure despite allegations that the defendants had threatened law enforcement personnel, various government witnesses, and even the prosecutors, see id. at 136, - allegations far more direct and severe than those which the Government makes in the instant case.

Accordingly, either of these alternatives or a combination of the two would more than amply serve the potential concerns of

11

the Court and the Government, while at the same time minimizing the inherent prejudice to the defendants

## CONCLUSION

For the above mentioned reasons, defendant ANTHONY PREZA respectfully requests that the Government's motion for an anonymous and partially sequestered jury be denied in its entirety. If, however, the Court determines that there is sufficient need to protect the jury, the defendant ANTHONY PREZA respectfully requests that the Court employ equally protective measures set forth above and that the Court grant further relief to the extent it deems just and proper.

Dated:   New York, New York
         March 5, 2012

Respectfully submitted,

*Joseph R. Benfante*

JOSEPH R. BENFANTE (7795)
Attorney for Defendant
ANTHONY PREZA
225 Broadway, Suite 2700
New York, New York 10007
(212) 227-4700

12